UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FERMENTED PROJECTS, LLC <br> d/b/a SIDE PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> THE MODERN BREWERY, INC., <br><br> Defendant. | No. 4:16-cv-1163 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Fermented Projects, LLC d/b/a Side Project ("Side Project"), a Missouri limited liability corporation, for its Complaint against Defendant The Modern Brewery, Inc., ("Modern") alleges as follows:

### Preliminary Statement

1.     This is an action for trademark infringement to stop Modern from further trading upon Side Project's rights in its marks SIDE PROJECT and design marks featuring a lightbulb for beer and related goods and services.  Injunctive relief, among other remedies, is necessary because Modern adopted confusingly similar light bulb imagery for identical goods and services without regard to Side Project's senior rights.  Modern has embarked on a recent and rapid expansion of its use and visible presence under the accused design marks, and has done so despite objections by Side Project.

### The Parties

2.     Plaintiff Fermented Projects, LLC d/b/a Side Project is a Missouri limited liability corporation duly organized and existing under the laws of the State of Missouri, with its principal place of business located at 7373 Marietta Ave., St. Louis, MO 63143.

3. Defendant The Modern Brewery, Inc., is, upon information and belief, a corporation duly organized and existing under the laws of the State of Missouri, with its principal place of business less than three miles from Side Project at 5231 Manchester Ave, St. Louis, MO 63110.

### Jurisdiction And Venue

4. This is an action for trademark infringement under 15 U.S.C. § 1114(1) and common law; unfair competition and false designation of origin under 15 U.S.C. § 1125(a); and dilution, tarnishment and/or harm to business reputation under Missouri law, Mo. Rev. Stat. § 417.061.

5. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331, § 1338(a) and (b), and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Missouri pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case in controversy.

6. The Court has personal jurisdiction over Defendant under Mo. Rev. Stat. § 506.500.1 (1) and (3) because Defendant is headquartered in the State of Missouri, because this action arises, in whole or in part, from Defendant's transaction of business in the State of Missouri, and because of Defendant's commission of tortious acts in the State of Missouri.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and/or (2) because: Defendant resides in this District pursuant to § 1391(c)(2) and (d) and is a resident of the State of Missouri; a substantial part of the events giving rise to the claims occurred in this District; and Defendant is subject to personal jurisdiction in this District.

## Side Project's Services and Trademarks

8. Founded in 2013, Side Project is a local brewery, specializing in small-batch barrel-fermented and barrel-aged beers.

9. Since its first beers were released in September 2013, Side Project's beers have earned worldwide acclaim. Less than two months after Side Project's first release, Beeradvocate Magazine's November issue featured all three of Side Project's first beers, awarding one of the beers 99 points on a scale of 100 and naming Side Project "one of the top five breweries to watch." In 2015, Side Project was recognized as the "Best Brewer" in the region by RateBeer. In January 2016, three of Side Project's beers released in 2015 were ranked among the top fifty beers released worldwide, out of a field of more than 60,000 beers. Side Project's "Fuzzy" sour is currently ranked number 1 in its category by Beeradvocate Magazine. In 2016, Side Project was also ranked eighth best brewery in the world by RateBeer.

10. Side Project's registered trademarks include the following:

   i. Lightbulb Design (Reg. No. 4,476,263 issued January 28, 2014, claiming first use of September 28, 2013);

   ii. SIDE PROJECT BREWING (Reg. No. 4,575,829 issued July 29, 2014 and claiming first use of September 28, 2013);

   iii. SIDE PROJECT & Design (Reg. No. 4,593,761 issued August 26, 2014 and claiming first use as of September 28, 2013).

11. The foregoing registered marks are valid. Side Project is the owner of all rights therein, and copies of registration certificates for said marks are attached as Exhibit 1.

13. As a result of Side Project's substantial use of the foregoing registered marks and variations used at common law consumers have come to recognize the name SIDE PROJECT and the light bulb design with Side Project's high quality, award-winning, beer. The marks distinguish Side Project from other breweries and identify Side Project as the source of its high

quality products. Through significant press coverage, substantial sales, and advertising Side Project has developed valuable good will in Side Project's trademarks.

### Modern's Infringing Activities

14. As Side Project's founder, Cory King, made plans to open Side Project, he had a conversation with one of the owners of Modern Brewery, Beamer Eisele regarding the lightbulb concept.

15. After this conversation took place, on March 15, 2013, Side Project announced its upcoming release and began marketing efforts on Twitter. Exhibit 2. On the very same day Side Project launched its marketing efforts, Modern registered the tradename "Side Project Brewing and Brewery, LLC" with the Secretary of State for the State of Missouri. Exhibit 3. A month later, Modern announced development of a new logo design featuring a lightbulb. *See*, Exhibit 4.

16. On information and belief, Modern began selling beer in 2014. Modern utilizes a logo design featuring a lightbulb. Exhibit 4. Modern also provides tap handles to bars and restaurants that serve its beer. The tap handles are plain stainless steel with a lightbulb on top of the handle and a metal plate identifying the type of beer being dispensed. *See* Exhibit 5. The lightbulb is the most prominent feature on the tap handles. The tap handles do not say "Modern" on them or otherwise identify Modern as the source of the beer. *See* Exhibit 5.

17. By letter dated May 22, 2014, Side Project put Modern on notice that Modern's use of a lightbulb design in connection with beer and related goods and services is likely to cause consumer confusion in violation of Side Project's prior and superior rights. Exhibit 6. The Parties continued discussions in an effort to reach an amicable resolution, but no resolution of the dispute was reached. Counsel for Side Project had a telephone call regarding the infringement with counsel for Modern and sent another cease and desist letter dated May 6, 2016. Exhibit 7. Side Project sent a final cease and desist letter dated June 30, 2016. Exhibit 8.

18. Modern's use of the trade name SIDE PROJECT, a lightbulb design mark, and lightbulb tap handle in connection with the provision of beer and related goods and services is likely to continue to cause confusion as to the source, sponsorship or affiliation of such goods and services. Such confusion is likely to damage Side Project's ability to control the nature and quality of goods and services as well as the goodwill and reputation associated with its marks.

19. Despite actual knowledge of Side Project's ownership and prior use of the marks, Modern adopted and has continued to use confusingly similar marks without Side Project's authorization or consent, such that Modern's actions have been deliberate and willful. Notwithstanding several warning letters to Modern, Modern not only continues to refuse to cease use of the marks, but has also expanded use of the marks.

## FIRST CAUSE OF ACTION

### [Trademark Infringement Under 15 U.S.C. § 1114(1)]

20. Plaintiff realleges and incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21. Defendant's use in commerce of a lightbulb design in connection with beer and related goods and services is likely to cause confusion, or to cause mistake, or to deceive and has already done so.

22. The foregoing conduct of Defendant constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

23. Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

24. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### [Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)]

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth herein.

26. Defendant's use in commerce of a lightbulb design in connection with beer and related goods and services is likely to cause confusion, to cause mistake, and to mislead the relevant public as to the affiliation, connection or association of Defendant or its goods and services with Plaintiff and its goods andservices offered under Plaintiff's marks in violation of 15 U.S.C. § 1125(a).

27. Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

28. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### [Common Law Unfair Competition - Trademark Infringement]

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff owns and enjoys common law rights in Missouri to the trade name SIDE PROJECT and the trademarks SIDE PROJECT as well as lightbulb design marks as illustrated in Exhibit 1, which are superior to any rights Defendant may claim to its confusingly similar lightbulb marks.

31. Defendant's use in commerce of its confusingly similar lightbulb marks, without authorization or consent of Plaintiff, in connection with goods and services similar to those

6

offered by Plaintiff, is calculated to, likely to, and does in fact confuse and deceive consumers about the origin and affiliation of Defendant's goods and services.

32. The foregoing conduct constitutes infringement of Plaintiff's common law rights to its marks and unfair competition in violation of the common law of the State of Missouri.

33. Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

34. Defendant's conduct is deliberate and willful.

35. Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### [Dilution in Violation of Missouri Revised Statutes § 417.061(1)]

36. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 35 as if set forth fully herein.

37. Plaintiff owns and enjoys common law rights in Missouri to the trade name SIDE PROJECT and the trademarks SIDE PROJECT as well as lightbulb design marks as illustrated in Exhibit 1, which are superior to any rights Defendant may claim to its confusingly similar lightbulb marks.

38. Defendant's unauthorized and deceptive use of the tradename SIDE PROJECT as well as lightbulb design marks has diluted and will continue to dilute the distinctive quality of Plaintiff's trade name and trademarks, and/or is causing a likelihood of injury to business reputation, in violation of Missouri Revised Statutes § 417.061(1).

39. The dilution and harm to business reputation by Defendant are deliberate and willful.

40. Defendant's conduct has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiff's business reputation and to the goodwill inherent in its trademarks.

41. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from using the name or mark SIDE PROJECT, alone or in combination with other elements, and lightbulb design marks, along or in combination with other elements, as well as any other mark that is likely to cause confusion, to cause mistake or to deceive with respect to Plaintiff's marks or from otherwise infringing, diluting, or harming the business reputation of Plaintiff, or from competing unfairly with Plaintiff;

B. Awarding Plaintiff statutory damages under 15 U.S.C. § 1117(d);

C. Awarding Plaintiff its damages and Defendant's profits derived by reason of the unlawful acts complained of herein as provided by law;

D. Awarding Plaintiff treble damages as provided under 15 U.S.C. § 1117;

E. Awarding Plaintiff its reasonable attorney fees, prejudgment interest, and costs of this action as provided by law;

F. Entering such other and further relief to Plaintiff that the Court deems just and proper.

Dated:  July 15, 2016

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

By: __/s/ Jessica M. Mendez_____

8

                    Jennifer E. Hoekel (45880MO)
Jessica M. Mendez (63094MO)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314-621-5070 telephone
314-621-5065 facsimile
jhoekel@armstrongteasdale.com
jmendez@armstrongteasdale.com

*Attorneys for Plaintiff*